LOUIS COOK v. TOWNSHIP OF NORTH BERGEN ET AL.

Submitted December 4, 1904—Decided February 27, 1905.

1. A township may properly, in the exercise of the power to regulate and keep in repair streets and highways, require persons desiring to excavate the streets or highways to obtain a permit from the township committee and deposit $10 as security for the restoration of the street or highway to its natural condition.
2. An ordinance requiring such a permit and security is applicable to and binding upon an electric lighting company which was previously authorized by statute and ordinance to erect poles in the streets and highways.

On *certiorari.*

Before Justices DIXON and SWAYZE.

For the prosecutor, *Bedle, Edwards & Thompson.*

For the defendants, *J. Emil Walscheid.*

The opinion of the court was delivered by

SWAYZE, J.  The prosecutor was convicted of the violation of an ordinance of the township of North Bergen, which required any person desiring to open or excavate any of the highways in the township to obtain a permit from the township committee, and deposit $10 as security for the proper restoration of the highway to its natural condition.  The ordinance provided that if the person opening or excavating the highway refused or neglected for the space of thirty days to restore the same, the township committee might do so, and deduct the expense from the deposit and return the balance to the depositor.  This ordinance was passed February 15th, 1900, ten days before the new act concerning townships (Revision of 1899) took effect.  The township committee's authority to pass it is to be found in the act of 1893 (*Pamph. L., p.* 130; *Gen. Stat., p.* 3632, *pl.* 282), which gives township committees the power to regulate, clean and keep in repair all sidewalks, streets, highways and alleys in the township.

The defendant questions the applicability of this ordinance to him.  He justifies his act—excavating for an electric light pole—as an employe of the United Electric Company.  This company was formed by a merger of several companies, one of which was the North Hudson Electric Light, Heat and Power Company.  The North Hudson company was authorized to erect poles in the highways of North Bergen by a township ordinance of December 21st, 1899, which contained certain regulations as to the excavations for poles, and provided, in paragraph 10 of section 2, that the use of the highways should be subject to the ordinance of the township regarding the use of highways therein except as the same was therein modified or altered.

The claims of the prosecutor are (1) that the township committee cannot, by ordinance, nullify the grant made by the ordinance of 1899, and (2) that the terms of the ordinance of 1900 do not include electric light poles, because when a pole is erected the surface of the land cannot be restored "to its natural condition." The use of these words, it is said, limits the ordinance to such improvements as are entirely under ground.

1. The first claim is twofold—that the ordinance of 1899 entered into and became part of a contract between the township and the lighting company for lighting streets, and that the act of 1896 (*Pamph. L., p.* 322) gave the North Hudson company the right to use the highways for the purpose of erecting poles, upon first obtaining the consent in writing of the owners of the soil, a consent which was obtained.

The contract and the legislative grant were both subject to the exercise by the township of the power to regulate streets under the act of 1893. This is a branch of the police power, and the rights of private individuals or corporations to use the streets are subject thereto. *North Hudson County Railway Co.* v. *Hoboken,* 12 *Vroom* 71; *Trenton Horse Railroad Co.* v. *Trenton,* 24 *Id.* 132; *Traction Co.* v. *Elizabeth,* 29 *Id.* 619; *Cape May Railroad Co.* v. *Cape May,* 30 *Id.* 393, 396, 404 (three cases, involving three different ordinances); *Consolidated Traction Co.* v. *East Orange,* 32 *Id.* 202; affirmed, 34 *Id.* 669.

These cases were cited without disapproval in the opinion of the Court of Errors and Appeals in *Fielders* v. *North Jersey Street Railway Co.,* 39 *Vroom* 343, 361. What the Fielders case actually decided was that the duty to pave imposed upon the street railway company by the ordinance then in question was of such a character that it could not be held to be an exercise of the police power to regulate the use of the streets, but was an exercise of the taxing power; but the opinion recognizes the right of municipalities to exercise the police power over highways.

That this ordinance was a fair exercise of the power to regulate and keep in repair the streets of the township seems to us clear. It requires a permit from the township committee, but there can be no question that such a permit would be granted to anyone legally entitled thereto, and the only effect of the requirement in such cases is to inform the township committee of the proposed excavation. It can hardly be questioned that the township committee, to which is given the power to keep the highways in repair, is entitled to such notice. Such a requirement is reasonable, if not necessary, to secure the maintenance of the highways in proper condition.

The deposit of $10 is required only to secure the township for the cost of repairs, and any excess is to be returned to the depositor. A more reasonable requirement could not be adopted; less would be quite inadequate to protect the township against possible loss.

We think this ordinance was a reasonable exercise of the police power.

2. The argument that it is impossible to restore a street "to its natural condition" when a pole has been erected, and that the use of the quoted words indicates an intention to limit the operation of the ordinance to such improvements as are entirely under ground, seems to us without merit. The words mean only that the street is to be restored to the condition which is natural to a street with the contemplated improvements for which the excavation is required. No street that has been improved at all is, strictly speaking, in a "natural condition;" it can only be in a condition natural to a street.

The conviction should be affirmed, with costs.